that the uncontradicted testimony shows that the ulcerous condition of the eye had cleared up within the period for which the award has been allowed, and at most may have left a scar or an opacity causing a reduction of the vision. Case remitted to the Industrial Board for consideration of the question of a recovery for partial loss or partial loss of use of one eye, if the Board find that the accident caused a reduction of vision by producing a scar or opacity on the cornea of the right eye. All concur.

Before STATE INDUSTRIAL BOARD, Respondent. In the Matter of the Claim for Compensation under the Workmen's Compensation Law Made by MEYER BERNER, Respondent, v. CARUSO & WOLPERT, Employer, and THE NEW AMSTERDAM CASUALTY COMPANY, Insurance Carrier, Appellants.— Awards affirmed, with costs. All concur, except Kiley, J., dissenting.

In the Matter of the Application of JAMES W. FLEMING, Individually and as Mayor of the City of Troy, and of the CITY OF Troy, a Domestic Municipal Corporation, for Alternative Prohibition Order Commanding the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK and the UNITED TRACTION COMPANY, and Each of Them, to Desist and Refrain from any Further Proceedings in the Matter of the Application of the United Traction Company for Permission to Increase Its Rate of Fare in the City of Troy to the Sum of Eight Cents, as Prayed for in a Petition Filed by Said United Traction Company with the Public Service Commission on or about the 10th Day of November, 1921.— Appeal dismissed; no record having been filed.

VERONICA SMITH, Respondent, v. HARMONY MILLS, Appellant. (Action No. 1). WILLIAM H. SMITH, Respondent, v. HARMONY MILLS, Appellant. (Action No. 2). — Judgments and orders unanimously affirmed, with costs.

EARL YANSON, Respondent, v. OLIVER B. SIMONSON, Appellant.— Judgment and orders unanimously affirmed, with costs; the court considering that the errors, if any, in the reception of evidence did not affect any substantial rights of the parties, and should be disregarded under section 1317 of the Code of Civil Procedure and section 106 of the Civil Practice Act.

In the Matter of the Application of CHARLES W. JACOBIE and Others, Respondents, v. MARGARET G. MULLEN, Clerk of the City of Glens Falls, Appellant, and MICHAEL J. COLLINS, JR., Chairman of the Glens Falls Democratic City Committee.— Order unanimously affirmed, without costs. Leave granted to appeal to the Court of Appeals.

JESSE S. PHILLIPS, as Superintendent of Insurance of the State of New York, Respondent, Appellant, v. NATIONAL SURETY COMPANY, Appellant, Respondent. (Seneca Fire Insurance Company Action.) — Judgment unanimously affirmed, without costs, on the opinion of H. T. Kellogg, J., in *Phillips v. National Surety Co.* (200 App. Div. 338), decided herewith. Hinman, J., not sitting.

JESSE S. PHILLIPS, as Superintendent of Insurance of the State of New York, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant. (Seneca Fire Insurance Company Action.) — Judgment reversed on law and facts and complaint dismissed, with costs to the defendant, appellant, upon the opinion of H. T. Kellogg, J., in *Phillips v. United States Fidelity & Guaranty Co.* (200 App. Div. 208), decided herewith. All concur, except Kiley, J., dissenting on his memorandum in that case. Hinman, J., not sitting. The court disapproves of findings Nos. 15, 16, 17, 18, 22, 23, 24, 25, 31, 32, 33, 34, 35, 41, 44. It finds the defendant's